IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § | |
| v. | § § | CRIMINAL ACTION NO. H-18-437 |
| ARMANDO DELAGARZA MARTINEZ | § § § | |

**MEMORANDUM OPINION AND ORDER**

Pending before the Court is defendant's *pro se* motion to reduce his sentence under 18 U.S.C. § 3582(c)(2) (Docket Entry No. 349) and the Government's response in opposition (Docket Entry No. 350).

Defendant pleaded guilty to one count of conspiracy to possess with intent to distribute five kilograms or more of cocaine, and was sentenced in March 2022 to a ninety-month term of incarceration. No appeal was taken. As grounds for relief, defendant states that he is entitled to a "downward departure" in his sentence due to his post-sentencing rehabilitation efforts pursuant to section 3582(c)(2) and U.S.S.G. §1B1.10.

In its response, the Government reasonably interprets the motion as one brought for a compassionate release under 18 U.S.C. § 3582(c)(1) and U.S.S.G. §1B1.13. To the extent defendant is seeking relief under 18 U.S.C. § 3582(c)(1) and U.S.S.G. §1B1.13, the Government correctly notes that defendant did not exhaust his administrative remedies with the Bureau of Prisons prior to filing his motion. Moreover, defendant neither alleges nor

establishes extraordinary and compelling reasons for relief. Consequently, defendant is not entitled to a compassionate release under section 3582(c)(1). *See* 18 U.S.C. § 3582(c)(1)(A).

The Court will also address defendant's argument that he is entitled to a "downward departure" sentence reduction under section 3582(c)(2) and U.S.S.G. §1B1.10, unrelated to a section 3582(c)(1) compassionate release. Subject to various conditions and limitations, 18 U.S.C. § 3582(c)(2) authorizes a federal court to reduce a defendant's term of imprisonment if the court based his sentence on a sentencing range that has subsequently been lowered by the Sentencing Commission. Thus, section 3582(c)(2) can provide convicted defendants benefit from intervening amendments to the Sentencing Guidelines by giving them "the sentence [they] would have received if the revised Guidelines had applied at the time of [their] sentencing." *United States v. Lopez*, 989 F.3d 327, 338 (5th Cir. 2021).

Here, defendant states that he has completed several prison-based adult education classes and has remained free of disciplinary infractions during his prison incarceration. He asks the Court to reduce his sentence from ninety months to sixty months due to these post-sentencing rehabilitation efforts.

Defendant is incorrect in arguing that his completion of adult education classes and being free of disciplinary infractions independently warrant a thirty-month reduction in his sentence. Rehabilitation may be considered by a court in context of sentencing or resentencing a defendant; it does not represent grounds for reducing a prisoner's sentence in the first instance. Thus, defendant's reliance on *Pepper v. United States*, 562 U.S. 476

(2011), is misplaced. In *Pepper*, the Supreme Court held that "when a defendant's sentence has been set aside on appeal and his case remanded for sentencing, a district court may consider evidence of a defendant's rehabilitation since his prior sentencing and such evidence may, in appropriate cases, support a downward variance from advisory Guidelines range." *Id.* at 481. For like reason, cases cited by defendant such as *United States v. Green*, 152 F.3d 1202 (9th Cir. 1998), *United States v. Rhodes*, 145 F.3d 1375 (D.C. Cir. 1998), *United States v. Brock*, 108 F.3d 31 (4th Cir. 1997), and *United States v. Core*, 125 F.3d 74 (2d Cir. 1997), afford him no support. These cases involve post-sentencing rehabilitation evidence on resentencing, and do not hold that post-sentencing rehabilitation itself constitutes a basis for resentencing.

Defendant presents no meritorious arguments establishing entitlement to resentencing. In absence of resentencing, his post-sentencing rehabilitation efforts, while commendable, are not grounds for a sentence reduction. Defendants fails to demonstrate that his sentence should be reduced under 18 U.S.C. § 3582(c)(2) and U.S.S.G. §1B1.10.

Defendant's motion (Docket Entry No. 349) is **DENIED**.

Signed at Houston, Texas, on this the 12 day of September, 2023.

_____
KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE